Susan Lynn Mimura
V. Renee Karel
Danielle M. Evans
Tristan R. Francis
Matthew Tobeck
SUSAN LYNN MIMURA & ASSOCIATES, PLLC
Attorneys at Law
3451 E. Copper Point Drive, Suite 106
Meridian, Idaho 83642
Telephone:  (208) 286-3140
Facsimile:  (208) 286-3135
E-mail: slm@idahoattys.com
Idaho State Bar No. 3033, 9050, 10366, 12248, 11240

*Attorney(s) for the Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **JAMIE HAMILTON N.K.A. JAMIE BOOTHE,** | **Case No.** |
| **Plaintiff,** | |
| **vs.** | **CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983 AND DEMAND FOR JURY TRIAL** |
| **DEREK ERNEST STETTLER, JESSICA URBAN, STATE OF IDAHO, POCATELLO WOMENS CORRECTIONAL CENTER, IDAHO DEPARTMENT OF CORRECTION.** | |
| **Defendants.** | |

**COMES NOW**, JAMIE HAMILTON, Plaintiff, by and through her attorneys of record, SUSAN LYNN MIMURA & ASSOCIATES, PLLC, and for cause of action against the above-named Defendants does complain and allege as follows:

# I.
# INTRODUCTION

1.      This action arises under the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 for, subjective recklessness and deliberate indifference to a substantial risk of serious harm to an inmate, as well as governmental liability arising under policy, custom, and/or practice, ratification, failure to train, and actions of a final policy-maker, as well as actions constituting negligence, reckless, willful, and oppressive conduct, and deliberate indifference, in depriving her of her constitutionally-protected rights or privileges.

2.      The official Idaho Department of Corrections website claims that:

> "Idaho incarcerates more women than any other state. In FY24, we aim to improve outcomes for women by assessing our gender responsivity practices, developing gender-supportive policies and training staff to become more skilled in supervising and supporting justice-involved women."

https://www.idoc.idaho.gov/content/document/strategic_plan_idoc. (emphasis added).

3.      Defendants' conduct with regard to Plaintiff JAMIE BOOTHE (hereinafter referred to as "Plaintiff") grossly failed to meet the standard of care that Pocatello Women's Correctional Center itself declared should apply to its inmates and instead breached Defendants' longstanding constitutional duty to protect prisoners from violence.

4.      At the time of the underlying incident, Defendant DEREK ERNEST STETTLER (hereinafter referred to as "Defendant Derek Stettler") was acting in the scope of his employment with the State of Idaho as a Correctional Officer at the Pocatello Women's Correctional Center (hereinafter referred to as the "PWCC") in Bannock County, Idaho, under color of state law, whereby Defendant Derek Stettler unlawfully sexually battered Plaintiff. Defendant Derek Stettler's actions caused a deprivation of constitutionally protected rights, privileges, and/or immunities, personal injury, and pain and suffering to Plaintiff.

5.    At the time of the underlying incident, Defendant JESSICA URBAN (hereinafter referred to as "Defendant Jessica Urban") was acting in the scope of her employment with the State of Idaho  as a Correctional Officer at the PWCC in Bannock County, Idaho, under color of state law, whereby Defendant Jessica Urban was made aware of Defendant Stettler's harassment of Plaintiff and failed to timely report such conduct, thereby failing to fulfill her duty to protect the employees and inmates at PWCC and displaying deliberate indifference to the safety of the inmates housed there. But for Defendant Jessica Urban's omission, the constitutionally protected rights, privileges, and/or immunities, personal injury, and pain and suffering to Plaintiff would not have occurred.

## II.
## JURISDICTION AND VENUE

6.    This action arises under the United States Constitution, particularly the Eighth and Fourteenth Amendments, and the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988.

7.    This Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. § 1331, as this action arises under the Eighth and Fourteenth Amendments to the United States Constitution; pursuant to 28 U.S.C. § 1343, in that it is brought to redress deprivations, under color of state law, of rights, privileges, and immunities secured by the United States Constitution; and under 28 U.S.C. § 1343(a)(4), in that it seeks to recover damages and secure equitable relief under an Act of Congress, specifically, 42 U.S.C. § 1983, which provides a cause of action for the protection of civil and constitutional rights.

8.      This Court has the authority to award the requested damages pursuant to 42 U.S.C. § 1983.

9.      This Court has the authority to award attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

10.     Venue is properly set in the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the instant claim occurred within this District and because at least one Defendant resides in this District.

## III.
## PARTIES

11.     At all times relevant hereto, Plaintiff was a citizen of the United States, and an inmate at the PWCC in Bannock County, Idaho.

12.     At all times relevant hereto, Defendant State of Idaho runs the Idaho Department of Corrections (hereinafter referred to as "IDOC"), which is responsible for the supervision of PWCC pursuant to Idaho Code § 20-209.

13.     At all times relevant hereto, Defendant DEREK STETTLER was employed as a food service officer at PWCC, a correctional facility under supervision of IDOC, and acted under color of state law.  This action is brought against Defendant DEREK STETTLER in both his individual and official capacities.

14.     At all times relevant hereto, Defendant JESSICA URBAN was employed as a Correctional Officer for PWCC and acted under color of state law. This action is brought against Defendant JESSICA URBAN in both her individual and official capacities.

15.     Defendants Does I-XX are other State actors and/or private individuals and/or entities who directly or indirectly participated or allowed the victimization of Plaintiff to commence or continue. Plaintiff hereby reserves the right to amend this Complaint until further

discovery is conducted and Plaintiff has a reasonable opportunity to learn their identity. If it is determined that Does I-XX conspired or participated in the underlying conduct, Plaintiff will seek to amend this Complaint under Rule 15 of the Federal Rules of Civil Procedure.

## IV.
## STATEMENT OF FACTS

16.     The PWCC serves as, among other things, a correctional center for female inmates.

17.     At all times relevant to the facts of this action, Plaintiff was a female inmate at PWCC. During her time at PWCC Defendant Derek Stettler frequently made verbal remarks that were sexual in nature to Plaintiff.

18.     On or about November 21, 2021 (hereinafter referred to as the "Incident Date"), Defendant Derek Stettler was an employee of PWCC working as a food service officer and Plaintiff was a kitchen worker.

19.     Defendant Derek Stettler was frequently permitted to accompany female inmates into the storage closet, freezer, and other spaces unmonitored by surveillance cameras. In fact, he had accompanied Plaintiff into these spaces on a number of occasions prior to the Incident Date. On one occasion a few months prior to the Incident Date, Defendant Derek Stettler approached Plaintiff working in the storage closet and kissed her on the forehead and cheek.

20.     One of Defendant Derek Stettler's job duties at PWCC was to monitor inmates on kitchen detail. Inmates on kitchen detail were also required to clean bathrooms.

21.     On the Incident Date, Defendant Derek Stettler backed Plaintiff into a bathroom corner and forced her to perform oral sex on him.

22.     After the Incident Date, Defendant Derek Stettler began pressuring Plaintiff to keep quiet about what he had done. In an attempt to seal his misconduct, Defendant Derek

Stettler began having other inmates degrade Plaintiff publicly yet proceeded with making sexually charged comments to Plaintiff in private and sexually assaulting her.

23.     On or about a few weeks after the Incident date, Defendant Derek Stettler groped Plaintiff and said "your pussy feels so good in my hands."

24.     Despite at least one member of the staff, Defendant Jessica Urban, being aware that Defendant Derek Stettler had a peculiar relationship with Plaintiff at PWCC, the staff member continued to allow Defendant Derek Stettler to have regular contact with female inmates, and allowed him to be alone with Plaintiff in spaces unmonitored by surveillance.

25.     Defendant Derek Stettler was charged with three counts of Sexual Contact with a Prisoner, a felony under Idaho Code § 18-6110, and Actor Using Threat of Harm, a felony under Idaho Code § 18-6101(10).

26.     During case no. CR03-22-09446, *State of Idaho v. Derek Ernest Stettler,* Defendant Derek Stettler took his own life before a resolution was reached.

27.     As a direct result of this incident, Plaintiff suffered damages including, but not limited to: pain and suffering both during the encounter and thereafter, and severe anxiety regarding her safety within the Idaho correctional system. Plaintiff's damages were proximately caused by Defendant Derek Stettler's actions while incarcerated at PWCC, and by the failure of IDOC to properly screen, train, supervise and discipline its employees; the deprivation of her constitutionally protected rights and privileges; and other violations of state and federal laws.

**V.**
**DAMAGES AND STATEMENT OF CLAIMS**


**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 and Eighth and Fourteenth Amendments**
**(Defendant Derek Stettler)**

28.     Plaintiff re-alleges the preceding paragraphs 1 through 27 as though set forth herein.

29.     At all times relevant hereto, Defendant Derek Stettler was acting under color and/or authority of law.

30.     Defendant Derek Stettler committed sexual harassment and/or abuse against Plaintiff.

31.     Defendant Derek Stettler violated Plaintiff's Eighth Amendment Rights applicable to states and their officers, as incorporated via the Due Process Clause of the Fourteenth Amendment (violating 42 U.S.C. § 1983), by committing sexual harassment and/or abuse of Plaintiff.  The Ninth Circuit Court of Appeals has indicated that "[s]exual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment.  *Wood v. Beauclair*, 692 F.3d 1041, 1046 (2012) (citing *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000)).

32.     The Ninth Circuit Court of Appeals has also held that, "a sexual assault on a prisoner by a prison guard is always 'deeply "offensive to human dignity"' and is completely void of penological justification."  *Wood,* 692 F.3d at 1051 (citing *Schwenk*, 204 F.3d at 1196).

33.     Defendant Derek Stettler was an employee of IDOC, working at PWCC, and had the authority to move freely throughout the facility.  He also had the authority to order Plaintiff to be alone with him when she was performing kitchen staff duties.

34.     Defendant Derek Stettler acted maliciously and sadistically for the purpose of causing harm or fear in Plaintiff.  Defendant Stettler acted for his own gratification.  His coercive

sexual actions served no valid objective, and as the Ninth Circuit has held, that kind of "conduct itself constitutes sufficient evidence that force was used 'maliciously and sadistically for the very purpose of causing harm.'"  *Wood*, 692 F.3d at 1050 (2012) citing *Hudson v. McMillian*, 503 U.S. 1, 112 S. Ct. 995 (1992).

35.     As a direct and proximate cause of these violations, Plaintiff suffered damages of both a pecuniary and non-pecuniary nature, pain and suffering, and severe emotional trauma. Defendant Derek Stettler's conduct was willful and/or reckless, wanton, and oppressive.

## SECOND CAUSE OF ACTION
### Sexual Contact with a Prisoner
### (Defendant Derek Stettler)

36.     Plaintiff re-alleges the preceding paragraphs #1 through 46 as though set forth herein.

37.     Defendant Derek Stettler intentionally and unlawfully touched Plaintiff.

38.     Defendant Derek Stettler was an officer, employee or agent of a state, local or private correctional facility (as defined in Idaho Code § 18-101A).

39.     Defendant Derek Stettler had sexual contact with Plaintiff, who was a prisoner (as defined in Idaho Code § 18-101A) at the time of said sexual contact.

40.     As a direct and proximate cause of these violations, Plaintiff suffered damages of both a pecuniary and non-pecuniary nature, pain and suffering, and severe emotional trauma. Defendant Derek Stettler's conduct was willful and/or reckless, wanton, and oppressive.

## THIRD CAUSE OF ACTION

### Failure to Protect Plaintiff
### (Defendant Jessica Urban)

41. Plaintiff re-alleges the preceding paragraphs #1 through 40 as though set forth herein.

42. Defendant Jessica Urban had knowledge or reasonably knew that Defendant Derek

Stettler was engaging in sexually inappropriate conduct with Plaintiff and possibly others.

43. Defendant Jessica Urban was an officer, employee or agent of a state, local or private correctional facility (as defined in Idaho Code § 18-101A).

44. Defendant Jessica Urban knew the Plaintiff from her contacts as a IDOC employee and had witnessed inappropriate behaviors between Defendant Derek Stettler and Plaintiff. who was a prisoner (as defined in Idaho Code § 18-101A) at the time of said sexual contact.

45. Despite the information known or reasonably should have been known at the time, Jessica Urban failed to report the inappropriate conduct in a timely manner as required by federal law, and IDOC policy.

46. Defendant Jessica Urban in her capacity as a IDOC employee had a constitutional duty to protect women residing in the IDOC facility from sexual abuse or harm by others, including other inmates as well IDOC correctional officers, employees and staff.

47. Defendant Jessica Urban failed in her duty to report Defendant Derek Stettler.

48. Defendant Jessica Urban failed in her constitutional duty to protect Plaintiff, with whom she has a special relationship due to Plaintiff's incarceration.

49. As a direct and proximate cause of these violations, Plaintiff suffered damages of both a pecuniary and non-pecuniary nature, pain and suffering, and severe emotional trauma. Defendant Derek Stettler's conduct was willful and/or reckless, wanton, and oppressive.

# VI.
# CONCLUSION

"Having incarcerated 'persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct,' [citation omitted], having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 1977 (1994).  The *Farmer* Court was speaking about the duty of prison officials to protect inmates from harm from other inmates.  The duty discussed in *Farmer* is even more pronounced in the case of harm by correctional officers themselves.  While IDOC officials may have limited control over which inmates are assigned to them at PWCC, they have absolute control over which employees they elect to hire and to place in the facility with the inmates.  Defendants grossly failed to meet their duties to protect inmates and demonstrated deliberate indifference to Plaintiff's safety, and as a result Plaintiff suffered serious and lasting harm.

# VII.
# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor against Defendants jointly and severally for compensatory damages in an amount to be determined at trial, for attorney's fees and costs pursuant to 42 U.S.C. 1988 and Federal Rule of Civil Procedure 54, and for such other relief the Court deems just and equitable.

Plaintiff reserves the right to seek amendment of this Complaint following discovery in this matter, in particular, to add a cause of action regarding the State of Idaho, Department of Corrections' deliberate indifference in training, discipling, investigating and monitoring its employees to observe and provide the constitutionally protected rights and privileges of those in its custody and control.

## VIII.
## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiff respectfully demands a

trial by jury in this action.

DATED this 8th day of November, 2023.


/s/ Susan Lynn Mimura
SUSAN LYNN MIMURA
Attorneys for Plaintiff




## DECLARATION IN ACCORDANCE WITH I.C. § 9-1406
I declare under penalty of perjury pursuant to the law of the state of Idaho that the

foregoing is true and correct.

DATED: 11/08/23

Jamie Boothe (Nov 8, 2023 09:24 MST)
JAMIE BOOTHE
Plaintiff